CASE NO. 13-2405

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT


UNITED STATES OF AMERICA,
Plaintiff-Appellee,

vs.

DANTA JOHNSON,
Defendant-Appellant.


On Appeal from the United States District Court
For the Eastern District of Michigan


**CORRECTED
BRIEF OF DEFENDANT-APPELLANT DANTA JOHNSON**


DAVID R. CRIPPS (P34972)
Attorney for Defendant-Appellant
431 Gratiot Avenue
Detroit, MI 48226
(313) 963-0210

# **TABLE OF CONTENTS**

**PAGE**

Table of Authorities.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Statement Regarding Oral Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  iv

Statement of Subject Matter and Appellate Jurisdiction. . . . . . . . . . . . . . . . . . 1

Statement of Issues. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Standards of Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Statement of the Case. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Statement of Facts. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Summary of Arguments:

I.      THE DISTRICT COURT FAILED TO ESTABLISH A SUFFICIENT FACTUAL BASIS FOR THE RULE 11 GUILTY PLEA, THUS VIOLATING FEDERAL RULE OF CRIMINAL PROCEDURE 11(f), AND DEFENDANT-APPELLANT LACKED FULL UNDERSTANDING OF THE ELEMENTS OF THE CRIME WITH WHICH HE WAS CHARGED, THUS VIOLATING FEDERAL RULE OF CRIMINAL PROCEDURE 11(c)(1). . . . . . . . . . . . . 4

Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Certificate of Compliance with Rule 32(a)(7)(B). . . . . . . . . . . . . . . . . . . . . . 10

Addendum to Brief. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Certificate of Service. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Not applicable.

# TABLE OF AUTHORITIES

**CASES**                                                                 **PAGE**

*North Carolina v Alford*, 400 US 25, 31 (1970). . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*United States v Abdullah*, 947 F 2d 306 (CA8, 1991). . . . . . . . . . . . . . . . . . . . . . 6

*United States v Bennett*, 291 F 3d 888, 894 (CA6, 2002).. . . . . . . . . . . . . . . . . . 1

*United States v Goldberg*, 862 F 2d 101, 103 (CA6,1988). . . . . . . . . . . . . . . . . 4

*United States v Guichard*, 779 F 2d 1139, 1146 (CA5, 1986). . . . . . . . . . . . . . . 6

*United States v Martin,* 599 F 2d 880-887-888 (CA9, 1979). . . . . . . . . . . . . . . . 9

*United States v Robinson*, 455 F 3d 602, 610 (CA6, 2006). . . . . . . . . . . . . . . . . 1

*United States v Syal*, 963 F 2d 900, 907 (CA6,1992). . . . . . . . . . . . . . . . . . . 4, 5

*United States v Van Buren*, 804 F 2d 888 (CA6,1986).. . . . . . . . . . . . . . . . . . . . 5

*United States v Webb*, 403 F 3d 373, 378-379 (CA6, 2005). . . . . . . . . . . . . . . . 4

**MISCELLANEOUS**

18 U.S.C. § 3231. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

18 U.S.C. § 3553(f). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

21 U.S.C. § 841(a)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 3

21 U.S.C. § 846 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 3

28 U.S.C. § 1291. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Federal Rule of Criminal Procedure 11(c)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Federal Rule of Criminal Procedure 11(f). . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 7

Federal Rule of Criminal Procedure 11(h). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

## **STATEMENT REGARDING ORAL ARGUMENT**

In accordance with the United States Court of Appeals, Sixth Circuit Rule 9(d), Defendant-Appellant Danta Johnson, through his attorney, David R. Cripps, submits that the issue raised in this appeal can be, and should be, decided without oral argument.

# STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION

The District Court had jurisdiction of this case pursuant to 18 U.S.C. § 3231 because the Government alleged violations of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846 by Defendant-Appellant (Indictment, RE 3, PAGE ID # 7-9).

The appeal is from the District Court's Judgment (Judgment, RE 458, PAGE ID # 2263-2267), and Notice of Appeal was timely filed on October 16, 2013 (Notice of Appeal, RE 462, PAGE ID # 2284). The Court of Appeals for the Sixth Circuit has jurisdiction pursuant to 28 U.S.C. § 1291.

# STATEMENT OF ISSUES

THE DISTRICT COURT FAILED TO ESTABLISH A SUFFICIENT FACTUAL BASIS FOR THE RULE 11 GUILTY PLEA, THUS VIOLATING FEDERAL RULE OF CRIMINAL PROCEDURE 11(f), AND DEFENDANT-APPELLANT LACKED FULL UNDERSTANDING OF THE ELEMENTS OF THE CRIME WITH WHICH HE WAS CHARGED, THUS VIOLATING FEDERAL RULE OF CRIMINAL PROCEDURE 11(c)(1).

# STANDARD OF REVIEW

Appellate review of a challenge to the factual basis for his guilty plea is generally under an abuse of discretion standard. *United States v Bennett*, 291 F 3d 888, 894 (CA6, 2002). When the issue is raised for the first time on appeal (as in this case), review of the violation is for plain error. *United States v Robinson*, 455 F 3d 602, 610 (CA6, 2006).

## **STATEMENT OF THE CASE**

The issue in this case involves a sentencing issue following a plea. On January 10, 2012, a multi-count Indictment was filed against Defendant-Appellant alleging that he and others conspired to possess with intent to distribute, and to distribute marijuana, cocaine, and cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846 (Indictment, RE 3, PAGE ID # 7-9).

On September 27, 2013, the parties appeared before the Hon. Sean Cox, who held that Defendant-Appellant did not qualify for the "safety valve", noted that the guidelines range was 108 to 135 months, and stated that the 120 month mandatory minimum sentence was required (Sentencing Transcript, RE 484, PAGE ID # 2400-2401). Judge Cox then imposed a sentence of 120 months, along with 5 years of supervised release (Sentencing Transcript, RE 484, PAGE ID # 2410),

Judgment of Sentence was entered on October 16, 2013 (Judgment, RE 458, PAGE ID # 2263-2267), and Notice of Appeal was timely filed on October 16, 2013 (Notice of Appeal, RE 462, PAGE ID # 2284).

Defendant-Appellant claims on appeal that his guilty plea should be set aside because: (1) the District Court failed to establish a factual basis for the guilty plea, and (2) Defendant-Appellant lacked full understanding of the elements of the crime with which he was charged.

## **STATEMENT OF FACTS**

On January 10, 2012, a multi-count Indictment was filed against Defendant-Appellant alleging that he and others conspired to possess with intent to distribute, and to distribute marijuana, cocaine, and cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 846 (Indictment, RE 3, PAGE ID # 7-9).  Defendant-Appellant pled guilty to both counts on March 21, 2013, pursuant to a Rule 11 Agreement.  In exchange for the plea, the Government agreed that the guidelines range was 120 months, and that in the event Defendant-Appellant qualified for the "safety valve" provision of 18 U.S.C. § 3553(f),the guidelines range would be a range of 70 to 87 months (Rule 11 Plea Agreement, RE 348, PAGE ID # 1712-1713).

On September 27, 2013, the Hon. Sean Cox held that Defendant-Appellant did not qualify for the "safety valve", and stated that the 120 month mandatory minimum sentence was required (Sentencing Transcript, RE 484, PAGE ID # 2400-2401). Defense counsel requested a sentence term that departed from the range of 108 to 135 months, and the Government requested the mandatory sentence of 120 months (Sentencing Transcript, RE 484, PAGE ID # 2400-2401; 2406-2407).

Judge Cox imposed a sentence of 120 months, with 5 years of supervised release (Sentencing Transcript, RE 484, PAGE ID # 2410); (Judgment, RE 458, PAGE ID # 2263-2267).  This is Defendant-Appellant's Brief on Appeal.

## ARGUMENT I

**THE DISTRICT COURT FAILED TO ESTABLISH A SUFFICIENT FACTUAL BASIS FOR THE RULE 11 GUILTY PLEA, THUS VIOLATING FEDERAL RULE OF CRIMINAL PROCEDURE 11(f), AND DEFENDANT-APPELLANT LACKED FULL UNDERSTANDING OF THE ELEMENTS OF THE CRIME WITH WHICH HE WAS CHARGED, THUS VIOLATING FEDERAL RULE OF CRIMINAL PROCEDURE 11(c)(1).**

In accordance with Federal Rule of Criminal Procedure 11, the district court must verify that "the defendant's plea is voluntary and that the defendant understands his or her applicable constitutional rights, the nature of the crime charged, the consequences of the guilty plea, and the factual basis for concluding that the defendant committed the crime charged." *United States v Webb*, 403 F 3d 373, 378-379 (CA6, 2005). The record should reflect a full understanding of the direct consequences of the plea. *North Carolina v Alford*, 400 US 25, 31 (1970).

Here, Defendant-Appellant asserts that the District Court failed to establish a factual basis for the plea in accordance with Rule 11(f) and that he lacked full understanding of the elements of the crime with which he was charged. In *United States v Goldberg*, 862 F 2d 101, 103 (CA6,1988), a panel of this court held that a district court "may determine the existence of the Rule 11(f) factual basis from a number of sources, including a statement on the record from the government prosecutors as well as a statement from the defendant." Also, in *United States v Syal*,

963 F 2d 900, 907 (CA6,1992), this court held that the district judge could rely on testimony given in the government's case against defendant to establish the factual basis for the plea, so long as that testimony was combined with defendant's answers to the government's questions about whether defendant had committed certain acts. However, in *United States v Van Buren*, 804 F 2d 888 (CA6,1986), the court held that when a defendant is facing a complex conspiracy charge (such as this case), a mere reading of the indictment followed by an admission is not enough: "We don't know the connection between defendant and the conspiracy and we don't know whether defendant understood the government had to prove a connection." *United States v Van Buren*, 804 F 2d at 892.

Viewing the circumstances surrounding Defendant-Appellant's plea in light of these cases, it is clear that Judge Cox did no more to establish a factual basis than to simply rely on a reading of the indictment and the Rule 11 agreement. During the hearing, Judge Cox specifically drew Defendant-Appellant's attention to the Rule 11 paragraphs setting forth the factual basis for the charges against him, which read: "On a number of occasions, including in August of 2010, in the City of Detroit, which is within the Eastern District of Michigan, you assisted in the delivery of drugs obtained by other members of the conspiracy, including Orlando Gordon, to drug customers. You and the government stipulate that the conspiracy involved at least

1,000 kilograms of marijuana." (Plea Transcript, RE 483, PAGE ID # 2384). In responding to the Judge's questions, Defendant-Appellant admitted that he had read the paragraphs in question and that they accurately described his actions (Plea Transcript, RE 483, PAGE ID # 2385), and stated in his own words that the conspiracy involved 1,000 kilograms or more of marijuana (Plea Transcript, RE 483, PAGE ID # 2392-2395).

However, the Indictment described the conspiracy as involving 1,000 kilograms or more of marijuana, 5 kilograms or more of cocaine, and 280 grams or more of a mixture or a substance containing a detectable amount of cocaine base or crack cocaine (Indictment, RE 3, PAGE ID # 8). The Judgment also reflected that ths conviction that resulted from the Rule 11 plea was "Conspiracy to Possess with Intent to Distribute and to Distribute Marijuana, Cocaine, and Cocaine Base" (Judgment, RE 458, PAGE ID # 2263). The conviction listed on the Judgment does not reflect the factual basis that was placed on the record at the time of the Rule 11 Plea.

While Courts from other circuits have held that a factual basis set forth in a plea agreement is sufficient to satisfy Rule 11(f), *United States v Abdullah*, 947 F 2d 306 (CA8, 1991); *United States v Guichard*, 779 F 2d 1139, 1146 (CA5, 1986), the plea agreement's written description of the essential facts underlying the charge, and Defendant-Appellant's acknowledgment of the accuracy of the Rule 11's provisions

do not satisfy the requirements set forth in Rule 11(f). The reading of the Rule 11 and Defendant-Appellant's admission of guilt are not sufficient compliance with Rule 11(f) in this case. To fully understand the charge against him, Defendant-Appellant must have understood what it actually meant to be a member of a conspiracy and to act in furtherance of that conspiracy. The District Court did not "address the defendant personally in open court and inform him of, and determine that he understands, ... the nature of the charge," in accordance with Rule 11(c)(1). Because the charge in the indictment was complex and the Court failed to determine that defendant understood it, the reading of the Rule 11 agreement and Defendant-Appellant's response that he had no further questions do not establish a factual basis for the plea.

Defendant-Appellant also claims that he did not fully understand the charges brought against him. This claim is based on Rule 11(c)(1), which provides that the court must "inform [the defendant] of, and determine that he understands, ... the nature of the charge to which the plea is offered." In this case, there was no explanation by the District Court during the Rule 11 proceeding of the nature of a conspiracy. The District Court did not inquire if he understood what a conspiracy was; nor did the District Court establish, by means of direct questioning, that Defendant-Appellant had knowledge of or furthered the conspiracy. The facts elicited

indicated only that he took phone calls from random people to deliver marijuana. It was unclear if this meant Defendant-Appellant had engaged in a transaction to buy cocaine from persons he believed would sell it, or whether he was taking purchase orders from potential marijuana customers. There was no discussion concerning the conspiracy or any of the alleged transactions involving the other defendants. Although the Court did establish that Defendant-Appellant used the telephone to "deliver marijuana", this does not indicate that the purchases were anything but personal use. Controlled substances for personal use does not establish conduct intended to further the conspiracy. See, <u>United States v Martin,</u> 599 F 2d 880-887-888 (CA9, 1979).

The connection between Defendant-Appellant and the conspiracy is unknown, and there is no evidence Defendant-Appellant understood the government had to prove a connection. The District Court failed to establish a factual basis for the plea and failed to determine that Defendant-Appellant understood the charges against him. The conduct described in the Indictment and resulting Judgment (intent to distribute marijuana and cocaine) differ from the conduct described in the Rule 11 plea and Defendant-Appellant's statements at the plea (marijuana).

Based on the foregoing, this Court cannot find harmless error under Rule 11(h), and the guilty plea must be vacated.

## **CONCLUSION**

For the foregoing reasons, Defendant-Appellant Danta Johnson requests that this Honorable Court to vacate the Rule 11 Plea Agreement.

                              Respectfully Submitted,

                              s/David R. Cripps
                              DAVID R. CRIPPS (P34972)
                              Attorney for Defendant-Appellant
                              431 Gratiot Avenue
                              Detroit, MI 48226
                              (313) 963-0210

# CASE NO. 13-2405

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**UNITED STATES OF AMERICA,**
Plaintiff-Appellee,

vs.

**DANTA JOHNSON,**
Defendant-Appellant.

## CERTIFICATE OF COMPLIANCE WITH RULE 32(a)(7)(B)

I certify that this Brief contains 2,508 words of Times New Roman, 14 Point.

s/David R. Cripps
DAVID R. CRIPPS (P34972)

CASE NO. 13-2405

---

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

---

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

vs.

DANTA JOHNSON,
Defendant-Appellant.

---

**ADDENDUM TO BRIEF**

Defendant-Appellant DANTA JOHNSON, pursuant to Sixth Circuit Rule 28(d), hereby designates the following relevant District Court Documents:

| **Description of Record Entry** | **Date** | **Record Entry No** | **Page ID Range** |
|---|---|---|---|
| • Indictment | 01/10/12 | RE 3 | PAGE ID#7-9 |
| • Rule 11 Plea Agreement | 03/21/13 | RE 348 | PAGE ID#1171-1727 |
| • Judgment | 10/11/13 | RE 458 | PAGE ID#2263-2267 |
| • Notice of Appeal | 10/16/13 | RE 462 | PAGE ID#2284 |

| **Description of Proceeding** | **Date** | **Record Entry No** | **Page ID Range** |
|---|---|---|---|
| • Transcript of Plea | 12/20/13 | RE 483 | PAGE ID#2375-2397 |
| • Transcript of Sentencing | 12/20/13 | RE 484 | PAGE ID#2398-2413 |

Respectfully Submitted,

s/David R. Cripps
DAVID R. CRIPPS (P34972)

# CASE NO. 13-2405

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**UNITED STATES OF AMERICA,**
Plaintiff-Appellee,

vs.

**DANTA JOHNSON,**
Defendant-Appellant.

## CERTIFICATE OF SERVICE

    I certify that on January 31, 2014, the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by placing a true and correct copy in the United States mail, postage prepaid, to their address of record

                                                           s/David R. Cripps
                                                           DAVID R. CRIPPS (P34972)